U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR - 8 2016

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RYAN L. REED, ET AL., §
 §
    Plaintiffs, §
 §
VS. § NO. 4:16-CV-017-A
 §
JPMORGAN CHASE BANK, NATIONAL §
ASSOCIATION, §
 §
    Defendant. §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, JPMorgan Chase Bank, National Association, to dismiss. The court, having considered the motion, the response of plaintiffs, Ryan L. Reed and Peggy Reed, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

### Background

On December 31, 2015, plaintiffs filed their original petition and application for temporary restraining order in the 67th Judicial District Court of Tarrant County, Texas. On January 12, 2016, defendant filed its notice of removal, bringing the action before this court.

Plaintiffs allege: They own real property in Arlington, Texas, the subject of a note and deed of trust presumably[1] owned

---

[1] Plaintiffs allege that the deed of trust was executed for the benefit of Cendera Funding, Inc.

by defendant. They requested loan modification assistance from defendant in or about May 2015, but defendant never provided plaintiffs with a written letter of approval or denial. They are behind on their mortgage payments and they are unable to bring their loan current. Plaintiffs received a letter dated December 16, 2015, from defendant regarding setting up a meeting to discuss their mortgage, but they have not heard from defendant regarding setting up the meeting. The deadline for doing so is January 5, 2016, but their mortgage is set for foreclosure on that date.

Plaintiffs sought a temporary restraining order, which was granted but has expired. The only purported cause of action asserted in the petition is for alleged violation of 12 C.F.R. 1024.41 ("Regulation X").

II.

Grounds of the Motion

Defendant maintains that plaintiffs have failed to state a claim upon which relief can be granted inasmuch as they have not pleaded that they suffered any harm as a result of defendant's alleged failure to comply with Regulation X. Further, to the extent plaintiffs intend to assert a violation of 24 C.F.R. § 203.604, there is no private right of action for failure to comply with HUD regulations.

2

III.

Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is

3

plausible. <u>Iqbal</u>, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. <u>Id.</u> In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. <u>Id.</u> at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u>

IV.

Analysis

As defendant notes, plaintiffs must plead that they suffered actual damages in order to state a claim under Regulation X. <u>Obazee v. The Bank of New York Mellon</u>, No. 3:15-CV-1082-D, 2015 WL 4602971, at *4 (N.D. Tex. July 31, 2015). There, as here, the plaintiff alleged a violation of Regulation X because the defendant had failed to respond to the plaintiff's loss mitigation application, but failed to allege any actual damages. In response, plaintiffs give examples of the types of damages they say are recoverable, but do not point to any allegation in

4

their pleading to support that they have incurred such damages. Doc.[2] 9 at 4.

The court is satisfied that the petition does not state a claim for violation of 24 C.F.R. § 203.604, which is not even referenced, but, of course, plaintiffs now state that they do allege such a claim. Doc. 9 at 4-5. Whether such a claim has been stated, there is no private right of action for failure to comply with HUD regulations, including 24 C.F.R. § 203.604. Wingfield v. Carrington Mortgage Servs., LLC, No. 4:15-CV-453-A, 2015 WL 4886462, at *2 (N.D. Tex. Aug. 13, 2015).

Finally, plaintiffs admit that they are not seeking injunctive relief as a cause of action. In the absence of a viable substantive claim, a request for injunctive relief is without merit in any event. Marsh v. JPMorgan Chase Bank, N.A., 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012).

V.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that plaintiffs' claims against defendant

---

[2]The "Doc." reference is to the number of the document on the court's docket in this action.

be, and are hereby, dismissed.

    SIGNED March 8, 2016.

                                          _____
                                          JOHN McBRYDE
                                          United States District Judge